United States District Court
Southern District of Texas
**ENTERED**
September 25, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EL SHADDAI EXPRESS TRUST AND ANGELA JO DAVIS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-24-3724 |
| EVERETT FINANCIAL, INC. *D/B/A* PENNYMAC LOAN SERVICES, LLC, | § § § § § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint (Document No. 8), and Defendant's Motion for Summary Judgment (Document No. 9). Having considered the motions, submissions, and applicable law, the Court determines that Plaintiffs' motion should be denied, and the Defendant's motion should be granted.

### I. BACKGROUND

This case involves an alleged wrongful foreclosure. *Pro se* Plaintiff Angela Jo Davis brings suit as the "trust protector" of Plaintiff El Shaddai Express Trust (hereinafter "Plaintiffs"), to prevent the pending foreclosure of 1041 Shore Shadow Drive, Huffman, Texas 77336 (the "Property"). Plaintiffs contend that Defendant

Everett Financial, Inc. ("Everett") seeks to wrongfully foreclose on the Property. In response, the Defendant contends that foreclosure is proper in the present matter.

Based on the foregoing, on July 28, 2024, Plaintiffs filed suit, *pro se,* in the 80th Judicial District Court of Harris County, Texas asserting claims for: (1) "Promissory Note vs. Draft;" (2) "Lack of Proof of Debt;" (3) "Improper Use of Financial Instruments;" and (4) "Violation of Unalienable Rights."[1] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). On October 1, 2024, Everett removed the case to this Court pursuant to the Court's diversity jurisdiction. On August 19, 2025, Plaintiffs moved for leave to file an amended complaint.[2] On August 29, 2025, Everett filed a motion for summary judgment, contending that no genuine issue of material fact exists in this matter.[3]

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the

---

[1] *See Plaintiffs' Complaint,* Document No. 1, Exhibit C at 7.

[2] See Plaintiffs' Motion for Leave to File First Amended Complaint, Document No. 8.

[3] See Defendant's Motion for Summary Judgment, Document No. 9.

2

elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137

n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

The Court may not grant summary judgment based merely on the procedural failure to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. Rather, the movant must bear its initial burden to show that no issue of material fact exists, and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). If issues of material fact clearly exist within the summary judgment record, then summary judgment is improper. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000) ("Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." (quoting *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)).

### III. LAW & ANALYSIS

Everett moves for summary judgment, contending there is no genuine issue of material fact for a jury to consider in this matter. Plaintiffs respond by conceding

4

that "the original [complaint] was not in proper form and risked dismissal" and now asks the Court to amend their complaint more than fourteen months after the initial complaint was filed.[4] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will consider the merits of each pending motion before the Court.

### A. Plaintiffs' Motion to Amend Complaint

Plaintiffs, moving *pro se*, request leave to file their first amended complaint "in order to: (a) clarify factual allegations and legal claims; (b) proceed solely in her individual capacity, removing any trust entity reference; and (c) streamline the issues for resolution on the merits."[5] In response, Everett contends that the Court should deny Plaintiffs' motion for leave to amend because Plaintiffs fail to identify any good cause reason to justify filing an amended complaint fourteen months after the initial complaint was filed in this case.

In reviewing a motion for leave to file an amended pleading, courts rely upon the well-established good-cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). The Fifth Circuit applies a four-factor balancing test to determine whether good cause exists: (1) the

---

[4] See Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, Document No. 10 at 3.

[5] See Plaintiffs' Motion for Leave to File First Amended Complaint, Document No. 8 at 1–2.

explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *See S&W Enters., L.L.C.*, 315 F.3d at 536. Here, a review of Plaintiffs motion for leave to amend reveals no good cause reason stated, failing to explain why Plaintiffs did not adhere to the Court's Rule 16 Scheduling Order, which specifically states that "[a]mendments to pleadings, with leave of court, shall be made by February 28, 2025."[6] Accordingly, considering Plaintiffs offer no good cause reason to justify their motion for leave, the Court determines that Plaintiffs' motion should be denied. The Court will now consider Everett's pending motion for summary judgment.

*B. Defendant Everett Financial Inc.'s Motion for Summary Judgment*

Everett moves for summary judgment, contending that the summary judgment evidence conclusively establishes that there is no genuine issue of material fact concerning Everett's foreclosure efforts regarding the Property. The Court will consider, in turn, each claim alleged by Plaintiffs in their initial petition.

*1. Plaintiffs' First Claim: Promissory Note v. Draft*

Plaintiffs assert a claim titled "Promissory Note v. Draft."[7] Everett contends that Plaintiffs have not plead facts sufficient to support their claim that Everett

---

[6] Court's Rule 16 Scheduling Order, Document No. 6 at 1.

[7] *See Plaintiffs' Complaint*, Document No. 1, Exhibit C at 7.

violated section 3-104(e) of the Uniform Commercial Code ("UCC"). Plaintiffs offer no rebuttal. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.

Section 3-104(e) of the UCC states that "[a]n instrument is a 'note' if it is a promise and is a 'draft' if it is an order. If an instrumental falls within the definition of both 'note' and 'draft,' a person entitled to enforce the instrument may treat it as either." U.C.C. § 3-104(e). Everett contends that Plaintiffs mere statement that "the note contains language such as 'to pay to the order of,' indicate[s] [the mortgage agreement] is a draft, not a promissory note,"[8] is insufficient to state a plausible claim. Everett further contends that the phrase "pay to the order of" contained within the mortgage agreement is utilized to indicate who is being paid and has no bearing on the timing requirement of when a mortgagee must pay their debt. The Court construes all pro se filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even construing the complaint liberally, the Court finds the facts provided by Plaintiffs fail to constitute a claim upon which relief can be granted and thus, Plaintiffs' "promissory note v. draft" claim should be dismissed. The Court now addresses Plaintiffs' claim for a lack of proof of debt.

---

[8] *See Plaintiffs' Complaint*, Document No. 1, Exhibit C at 7.

7

### 2. Plaintiffs' Second Claim: Lack of Proof of Debt

Plaintiffs allege in their initial complaint that "[t]he lender has not provided adequate proof that the note is a valid promissory note."[9] Everett contends that the Fifth Circuit has unequivocally rejected this type of claim, and that they owe no duty to provide proof of a valid promissory note to the Plaintiffs in this case. Everett also offers summary judgment evidence demonstrating their status as owners and holders of the Property's Note and Deed of Trust.[10] In response, Plaintiffs contend that "[Defendant] has not established itself as the proper party in interest."[11]

The Fifth Circuit has made clear that there is no requirement for a foreclosing party to produce the original note bearing a wet ink signature, often referred to as the "show-me-the-note" theory. *See Martins v. BAC Home Loans Servicing, L.P.*, 772 F.3d 249, 254 (5th Cir. 2013). The Court construes all *pro se* filings liberally. Even construing the complaint liberally, the Court finds the facts given fail to fulfill the required pleading standards. The Court further notes that Plaintiffs fail to offer any summary judgment evidence to contradict the evidence cited by Everett demonstrating their status as the rightful owners and holders of the Property's Note

---

[9] *See Plaintiffs' Complaint*, Document No. 1, Exhibit C at 7.

[10] See Defendant's Motion for Summary Judgment, Document No. 9 at 2–3, 8–10.

[11] See Plaintiffs' Response to Defendant's Motion for Summary Judgment, Document No. 10 at 3.

and Deed of Trust. Given the Fifth Circuit's guidance that a mortgagor is under no obligation to produce the original note bearing a wet ink signature, the Court finds that Everett's motion for summary judgment should be granted with respect to Plaintiffs' lack of proof of debt claim. The Court will now address Plaintiffs' claim regarding an alleged improper use of financial instruments.

### 3. Plaintiffs' Third Claim: Improper Use of Financial Instruments

Plaintiffs assert a claim entitled "Improper Use of Financial Instruments" stating that "the note's characteristics make it ineligible to be used as evidence of debt," citing provisions of the UCC and Federal Reserve Act as authority.[12] In response, Everett contends that no legal citation provided by Plaintiffs regarding their improper use of financial instruments claim provides a private cause of action. Plaintiffs offer no rebuttal.

In reviewing Plaintiffs' cited authority, Section 9-102(65) of the UCC merely provides a definition of what a promissory note is. See U.C.C. § 9-102(65). Plaintiffs also cite Federal Reserve Act, Section 16, which deals with the issuance of federal reserve notes and seemingly has no relation to a promissory note or any other financial instrument referenced in this case. See 12 U.S.C. § 411–21. Given Plaintiffs' lack of facts to support their claim and the lack of any reference to a private cause of action necessary to substantiate their claim, the Court finds that

---

[12] See Plaintiffs' Complaint, Document No. 1, Exhibit C at 7.

9

Plaintiffs' improper use of financial instruments claim should be dismissed. The Court now addresses Plaintiffs' claim for a violation of unalienable rights.

### 4. Plaintiffs' Fourth Claim: Improper Use of Financial Instruments

Plaintiffs' assert a claim that the foreclosure of the Property "violates the unalienable rights guaranteed by the original [declaration] held in the U.S., recognizing life, liberty, property, due process, and equal protection of law."[13] Everett contends that summary judgment is appropriate because Plaintiffs fail to cite any legitimate statute or case law to support the claim, or provide any explanation of how their rights were violated even if a violation of unalienable rights was an actionable cause of action. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, after a review of the Plaintiffs' complaint, the Court cannot discern a plausible claim from Plaintiffs reference to the Declaration of Independence, and thus, finds that Plaintiffs' violation of unalienable rights claim should be dismiss. The Court now turns to Plaintiffs' claim to quiet title.

### 5. Plaintiffs' Fifth Claim: Quiet Title

Everett contends that Plaintiffs' claim to quiet title fails as a matter of law because: (1) Plaintiffs state no facts required to prove a claim for quiet title in Texas; and (2) Everett is authorized to foreclose and satisfied relevant notice requirements. In response, Plaintiffs merely state that there is a factual dispute.

---

[13] *See Plaintiffs' Complaint*, Document No. 1, Exhibit C at 7.

10

In Texas, the elements of a suit to quiet title are "(1) the plaintiff has an interest in a specific property; (2) title to the property is affected by the defendant's claim; and (3) the defendant's claim, although facially valid, is invalid or unenforceable." *CAO v. BSI Fin. Servs.*, No. H-17-321, 2020 U.S. Dist. LEXIS 170305 at *48 (S.D. Tex. Sep. 17, 2020) (*citing Roberson v. Odom*, 529 S.W.3d 498, 502 (Tex.App.–Texarkana 2017, no pet.)). Everett contends that while Plaintiffs have an interest in the Property and title to the Property is affected by Everett's secured lien, Plaintiffs have failed to provide sufficient facts to prove that Everett's foreclosure is invalid or unenforceable. The Court construes all *pro se* filings liberally. However, after an extensive review of Plaintiffs complaint, the Court finds no reference or statement regarding why Everett's foreclosure is invalid or unenforceable and finds that Plaintiffs are not entitled to quiet title. The Court will now consider Plaintiffs' claim regarding alleged violations of the Fair Debt Collection Practices Act ("FDCPA").

### 6. Plaintiffs' Sixth Claim: Violations of the FDCPA

Plaintiffs allege that they are entitled to compensatory and punitive damages for "[v]iolations of the Fair Debt Collection Practices Act."[14] Everett contends that Plaintiffs do not specify which provision of the FDCPA was allegedly violated, nor what alleged actions or omissions by Everett constituted wrongdoing under the FDCPA. Everett further contends that it initiated foreclosure efforts in the proper

---

[14] *See Plaintiffs' Complaint*, Document No. 1, Exhibit C at 8.

way, notifying Plaintiffs after they had already missed at least four mortgage payments.[15] Everett further contends that it provided Plaintiffs with an opportunity to cure the default, and informed the Plaintiffs that failure to timely cure the default would result in foreclosure.[16] Plaintiffs offer no rebuttal. Considering Plaintiffs failure to specify which provision of the FDCPA was violated, and the plethora of summary judgment evidence cited by Everett detailing the steps it took to initiate foreclosure of the Property, the Court finds that Plaintiffs have failed to offer any summary judgment evidence to survive the pending motion for summary judgment with respect their FDCPA claim. The court will now consider Plaintiffs' last remaining claim of wrongful foreclosure.

### 7. Plaintiffs' Seventh Claim: Wrongful Foreclosure

Finally, Everett contends that Plaintiffs lodged a conclusory allegation that Defendants wrongfully foreclosed without any further detail, failing to provide necessary specificity to meet the pleading standard required under Federal Rule of Civil Procedure 12.

When exercising diversity jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304

---

[15] Defendant's Motion for Summary Judgment, Document No. 9, Exhibit A at 8-11.

[16] Defendant's Motion for Summary Judgment, Document No. 9, Exhibit A at 9.

U.S. 64, 72 (1938)). Under Texas law, a claim for wrongful foreclosure generally requires: (1) "a defect in the foreclosure sale proceedings"; (2) "a grossly inadequate selling price"; and (3) "a causal connection between the defect and grossly inadequate selling price." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.)). Texas does not recognize a claim for attempted wrongful foreclosure. *James v. Wells Fargo Bank*, N.A., 533 F. App'x 444, 447 (5th Cir. 2013).

Here, in reviewing the language of Plaintiffs' complaint, Everett contends that Plaintiffs merely state they bring suit to "address the wrongful foreclosure," yet provide no facts as to how the foreclosure is wrongful and fail to state whether a foreclosure sale has even taken place.[17] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even construing the complaint liberally, the Court finds the facts given fail to fulfill the required pleading standards. Given the Supreme Court's guidance that a Plaintiff must provide enough facts to state a claim to relief that is plausible on its face, and the Fifth Circuit's guidance that attempted wrongful foreclosure is not a proper cause of action, the Court finds that Plaintiffs' wrongful foreclosure claim should be dismissed.

---

[17] *See Plaintiffs' Complaint*, Document No. 1, Exhibit C at 7.

13

Accordingly, for the aforementioned reasons, the Court finds Plaintiffs' fail to raise a genuine issue of material fact to survive Everett's motion for summary judgment. Therefore, summary judgment is proper.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiffs' Motion for Leave to File First Amended Complaint (Document No. 8) is **DENIED**. The Court further

**ORDERS** that Defendant's Motion for Summary Judgment (Document No. 9) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs' claims against the Defendant in this matter are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this 23 day of September, 2025.

DAVID HITTNER
United States District Judge